THEODORE J. BIELEN, JR. - Bar No. 56395
CHARLES L. THOEMING.- Bar No. 153504
BIELEN, LAMPE, & THOEMING
1390 Willow Pass Road, Ste 1020
Concord, CA 94520
Tel: 925 288-9720
Fax: 925 288-9731
(Theodore J. Bielen)bielenlt@yahoo.com
(Charles L. Thoeming)hadvbaxen@earthlink.net
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

CHARCOAL COMPANION INCORPORATED, )
a California corporation, )
)
        Plaintiff, )    Case No: C07-03097 BZ
)
)
) ANSWER TO COMPLAINT
vs. ) FOR DESIGN PATENT
) INFRINGEMENT
)
)
)
)
)
)
NATIONAL BROOM COMPANY OF )
CALIFORNIA, INC., dba JLR )
GEAR, and KOHL'S CORPORATION )

        Defendants


    COMES NOW DEFENDANT, KOHL'S CORPORATION COMPANY OF CALIFORNIA, and answering the Complaint of Charcoal Companion Incorporated, states as follows:

    1.    Without admitting the validity of the claims, Defendant admits that the Complaint sets forth claims for patent infringement

1

an exceptional case under 35 U.S.C. §285, and entitling Defendant to recover its attorneys' fees incurred in defending this action.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3. and, on that basis, denies each and every allegation contained therein.

4. Defendant admits the allegation contained in paragraph 4.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5. and on that basis denies each and every allegation contained therein.

6. Defendant admits doing business within this judicial district, but denies any acts of infringement and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6. and, on that basis denies each and every such remaining allegation contained therein.

7. Defendant admits the allegations of paragraph 7.

8. Defendant admits that, on its face, the '137 patent is entitled LAMP HEAD FOR A BARBEQUE LIGHT, that, on its face, the '137 was issued on 22 August 2006 and that on its face, the inventor named is Joseph William Urich. Defendant further admits a copy of the '137 is attached to the Complaint as Exhibit A. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, denies each and every allegation contained therein.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9. and, on that basis, denies each and every allegation contained therein.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13. and, on that basis, denies each and every allegation contained therein.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14. and, on that basis, denies each and every allegation contained therein.

15. Defendant denies the allegations contained in paragraph 15.

**AFFIRMATIVE DEFENSES**

Defendant for its further and separate defenses to the allegations of the Complaint, on information and belief, avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Each claim of the "137 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

Defendant has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents or non-equivalents, the claim of the "137 patent.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from construing the claims of the '940 patent in such a way as may cover Defendant's activities by reason of, inter alia, amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '137 patent.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff by its conduct, including prolonged inaction in asserting its rights, has caused plaintiff's claims for relief to be barred by the defense of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff inexcusably delayed in asserting its rights; therefore, its claims for relief are barred by the defense of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is barred, either in part or completely, by operation of the applicable statutes.

**EIGHT AFFIRMATIVE DEFENSE**

Plaintiff has brought this action in bad faith, making this an exceptional case under 35 U.S.C. § 285, and entitling Defendant to recover its attorneys' fees incurred in defending this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

a. that Plaintiff's Complaint be dismissed with prejudice;

b. that the claim of '137 patent be adjudged and declared not infringed by Defendant.

c. that the claim of '137 patent be adjudged and declared invalid;

d. that the Court award to Defendant its expenses, costs and attorneys' fees incurred in defending this action; and

e. that the Court award Defendant such other relief in law and in equity as the Court may deem just and appropriate.

DATED: 10 September 2007

Respectfully submitted,
BIELEN, LAMPE & THOEMING

By: _____

THEODORE J. BIELEN, JR.
CHARLES L. THOEMING
Attorneys for Defendant
KOHL'S Company of
California, Inc,

5