BEESON SKINNER BEVERLY, LLP
  Donald L. Beeson, dbeeson@bsbllp.com
    State Bar No. 56532
  Brian Beverly, bbeverly@bsbllp.com
    State Bar No. 103089
One Kaiser Plaza, Suite 750
Oakland, CA 94612
Tel.: (510) 832-8700
Fax: (510) 836-2595

BIELEN LAMPE & THOEMING, P.A.
  Theodore J. Bielen, Jr., bielenlt@yahoo.com
    State Bar No. 56395
1390 Willow Pass Rd., Suite 1020
Concord, CA 94520
Tel: (925) 288-9720
Fax: (925) 288-9731

Attorneys for Both Parties
Charcoal Companion Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARCOAL COMPANION INCORPORATED, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL BROOM COMPANY OF CALIFORNIA, INC., dba JLR Gear, and KOHL'S CORPORATION,<br><br>    Defendants | Case. No. C07-03097 BZ<br><br>CMC Date: October 1, 2007<br>Time: 4:00pm<br>Courtroom: G, 15th Floor, SF |

**JOINT CASE MANAGEMENT STATEMENT**

Charcoal Companion Incorporated (CCI), National Broom Company of California, Inc., doing business as JLR Gear ("JLR Gear"), and Kolh's Corporation ("Kohl's) (collectively, "the parties") jointly submit this case management statement and Proposed Order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9, and request that the Court adopt it as the Court's Case Management Order in the above-captioned action.

---
JOINT CASE MANAGEMENT STATEMENT
CASE NO. C07-03097-BZ

**1. JURISDICTION AND SERVICE**

This action arises under the patent laws of the United States, Title 35 of the United States Code, Section 1 et seq., and, more particularly, involves the alleged infringement of a design patent issued pursuant to 35 USC §171.  Because this action contains no allegations which allege infringement of a utility patent, or which seeks a declaratory judgment that a utility patent is not infringed, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California do not apply.  Patent L.R. 1.2.

This court has subject matter jurisdiction over this action pursuant to 28 USC §§1331 and 1338(a).  No issues exist regarding personal jurisdiction or venue, and no parties remain to be served, except as noted in paragraph 5 below.

**2. FACTS**

Factual Contentions of Plaintiff

<u>Patent in Suit</u>:  This patent infringement case involves U.S. Design Patent No. D527,137 entitled LAMP HEAD FOR A BARBECUE LIGHT (the "'137 patent") issued to Joseph William Ulrich.  The '137 patent is owned by Plaintiff, Charcoal Companion Incorporated ("CCI"), by assignment duly recorded in the Assignment Branch of the United States Patent Office.  CCI is in the business of manufacturing, importing, distributing, and selling of barbecue accessory products, and is located in Emeryville, California.  CCI has designed numerous new and original product designs for barbecue accessories, including the LAMP HEAD FOR A BARBECUE LIGHT, which is the subject of the '137 patent.

<u>Infringement by JLR Gear</u>.  CCI contends that Defendant JLR Gear is infringing the '137 patent owned by CCI by making, selling, offering for sale, using and/or importing a barbecue light containing a lamp head which embodies the design of CCI's '137 patent.  JLR Gear sells barbecue accessory products under the trade name "Smart BBQ" and refers to the allegedly infringing barbecue light as an "LED Grill Light."

<u>Infringement by Defendant Kohl's Corporation</u>.  Plaintiff contends that Kohl's owns and/or operates a chain of retail stores throughout the country, including retail stores in California.

Plaintiff further contends that Defendant, Kohl's Corporation, has infringed Plaintiff's '137 patent by selling, through its retail department stores and through its website at www.kohls.com, the LED Grill Light distributed by JLR Gear.

<u>Willful Infringement</u>. CCI, through its attorneys, notified both JLR Gear and Kohl's Corporation in writing of their infringement of CCI's '137 patent. CCI contends that, despite such notice, JLR Gear and Kohl's Corporation continued to infringe the '137 patent. CCI contends that the allegedly infringing conduct of JLR Gear and Kohl's Corporation constitutes willful infringement.

Factual Contentions of Defendant JLR Gear and Kohl's Corporation

<u>Validity</u>. Defendants contend that the patent-in-suit, U.S. Design Patent D527,137 ('137 patent), is invalid under the patent laws of the United States and in particular under the Legal issues of paragraph 3D-G, hereinafter.

<u>Infringement by Defendant's JLR gear and Kohl's Corporation</u>. Defendants deny infringement of the '137 patent since the accused device possesses a distinct design not within the scope of the '137 patent. Defendant JLR gear has created and patented multiple designs for illumination products in its line of business. Neither defendant has engaged in wilful infringement

**3. LEGAL ISSUES**

The principal legal issues in dispute are:

A. Whether the '137 design patent in suit is infringed, either literally or under the Doctrine of Equivalence, by Defendants.

B. Whether, if infringed, the infringement by Defendant, JLR Gear, was willful.

C. Whether, if infringed, the infringement by Defendant, Kohl's Corporation, was willful.

D. Whether the '137 design patent is invalid for meeting the requirements of 35 USC § 101.

E. Whether the '137 design patent is anticipated pursuant to 35 USC §102.

F. Whether the design claimed in the '137 patent is unpatentably obvious under 37 USC §103.

G. Whether the '137 patent is invalid for failure to meet the requirements of 35 USC §112.

H. Whether Plaintiff's claims for relief are barred by the Doctrine of Estoppel or Laches.

I. Whether the prevailing party is entitled to recover its reasonable attorney's fees pursuant to 35 USC §285.

J. Whether Plaintiff is entitled to a permanent injunction to prevent Defendants from violating Plaintiff's adjudicated patent rights pursuant to 35 USC §283.

K. Whether Plaintiff is entitled to compensatory damages in accordance with proof in accordance with 35 USC §284, and pre-judgment and post-judgment interest on such award.

L. Whether Plaintiff is entitled to Defendant's total profit on account of its alleged infringement of the '137 patent under 37 USC §289, and pre-judgement and post-judgment interest on such award.

M. Whether Plaintiff is entitled to teble damages for willful infringement pursuant to 35 USC §284.

**4. MOTIONS**

As of the date of this Statement, neither party has filed any motions in this action.

The parties anticipate bringing Cross-Motions for Summary Judgment on their claims and defenses in this action.

**5. AMENDMENT OF PLEADINGS**

Plaintiff anticipates filing a motion for leave to amend its complaint to add parties to this action. Particularly, Plaintiff's counsel has learned in a telephone conversation with Defendant's counsel that an entity affiliated with Kohl's Corporation may be a proper Defendant in this action. Plaintiff intends to amend the Complaint to add Kohl's Department

4

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C07-03097-BZ

Stores, Inc., and/or other entities affiliated with Kohl's as determined during discovery as additional defendants in this action.

## 6. EVIDENCE PRESERVATION

Steps taken by Plaintiff: Plaintiff has informed all employees having access to documents relevant to this action to retain documents in hard copy and electronic form.

Steps taken by Defendant, JLR Gear and Kohl's corporation: Defendants have informed all employees having access to documents relevant to this action to preserve the same in any format.

## 7. DISCLOSURES.

Pursuant to Fed. R. Civ. P. 26(f), the parties met and conferred regarding various discovery issues. Due to the confidential nature of some discovery to be exchanged, the parties agreed to provide initial disclosures after the Case Management Conference and after a protective order is in place.

## 8. DISCOVERY.

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

A. Initial Disclosures. The parties will exchange initial disclosures on a date to be determined after the Case Management Conference, and no later than October 15, 2007.

B. Scope of Discovery.

Plaintiff anticipates that it will take discovery on the following issues: the proper parties, infringement, damages, profits and willfulness.

Defendants anticipate that they will take discovery on the following issues: patent validity, patent infringement, damages, and enforceability of patent rights.

The parties have not agreed on any limitations on discovery, but do not anticipate problems with abusive discovery.

## 9. CLASS ACTIONS

This action is not a class action.

**10. RELATED CASES**

There are no pending cases or proceedings related to this action.

**11. RELIEF**

CCI seeks a judgment declaring that JLR Gear and Kohl's have willfully infringed the '137 patent. CCI seeks damages (to be determined at trial) in the amount of the Defendant's profits under 35 USC §289, and including pre-judgment and post-judgment interest thereon. CCI requests that those damages be trebled to compensate CCI for the Defendant's deliberate and willful infringement. CCI also seeks an order enjoining both JLR Gear and Kohl's from continuing its infringement of the '137 patent.

Defendants seek a judgment that they have not infringed the '137 patent, and that the '137 patent is invalid.

Each of the parties seeks reasonable attorney's fees and costs.

**12. SETTLEMENT AND ADR**

Prospects for settlement of this action are unclear at this time. However, the parties are amenable to ADR, and have filed a notice with the Court for the need for an ADR phone conference. Parties believe that an early settlement conference with a magistrate judge would be the most effective form of ADR in this matter.

**13. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties have consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. OTHER REFERENCES**

This case is not suitable for a reference to binding arbitration, a special magistrate, or the judicial panel on Multi-District Litigation.

**15. NARROWING OF ISSUES**

Discovery has not yet commenced in this case, and parties are not currently aware of any issues that can be narrowed by agreement at this time.

**16. EXPEDITED SCHEDULE**

This case is not suitable for handling on an expedited basis with streamlined procedures.

**17. SCHEDULING**

Proposed dates for designation of experts, discovery cutoff [alternative dates], hearing of dispositive motions, pre-trial conference and trial are set forth on Exhibit A attached hereto.

**18. TRIAL**

The Plaintiff has requested a jury trial. The expected length of trial is two to three days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITLES OR PERSONS**

Plaintiff, CCI does not have investors or shareholders whose financial interests will be substantially affected by the outcome of this proceeding.

Defendants, JLR Gear and Kolh's Corporation, do not have investors or shareholders whose financial interests will be substantially affected by the outcome of this proceeding.

Respectfully submitted,

Dated: September 24, 2007         BEESON SKINNER BEVERLY, LLP

By      /s/
     Donald L. Beeson
Attorneys for Plaintiff
Charcoal Companion, Incorporated

Dated: September 24, 2007         BIELEN, LAMPE & THOEMING, P.A.

By      /s/
     Theodore J. Bielen, Jr.,
Attorneys for Defendants
National Broom Company of California, Inc.
dba JLR Gear
and Kohl's Corporation

**ECF Certification**

I, Donald L. Beeson, am the ECF User whose identification and password are being used to file this Joint Case Management Statement.  In compliance with General Order 45.X.B, I hereby attest the Theodore J. Bielen, Jr. has concurred in this filing.

Dated: September 24, 2007                      BEESON SKINNER BEVERLY, LLP

                                               By    /s/
                                                  Donald L. Beeson
                                                  Attorneys for Plaintiff
                                                  Charcoal Companion, Incorporated


**Declaration Re Delayed Filing**

I, Donald L. Beeson, attest that, on September 24, 2007, I attempted to file this Joint Case Management Statement at least two times separated by at least one hour and each attempt failed.  The last attempt was at 5:45 pm PDT.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

                                                    /s/
                                                  Donald L. Beeson

8

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C07-03097-BZ

JOINT CASE MANAGEMENT STATEMENT
Case. No.   C07-03097 BZ

EXHIBIT A

| Date | Event |
|---|---|
| October 15, 2007 | Last day for parties to exchange Initial Disclosures per FRCP 26(a)(1) |
| March 1, 2007 [Proposed by Plaintiff] | Fact discovery period closes |
| June 1, 2006 [Alternative proposed by Defendants] | Fact discovery period closes |
| 30 days after close of fact discovery | Parties to serve expert reports, if any, on issues for which they bear the burden of proof |
| 30 days after receipt of expert reports | Parties to serve rebuttal expert reports, if any |
| 45 days after service of rebuttal expert reports | Expert discovery closes |
| 30 days after Expert discovery closes | Last day to file disposition motions |
| TBD | Pre-Trial Conference |
| TBD | Trial |