UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARCOAL COMPANION INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | No. C07-3097 BZ |
| v. | ) ) | **ORDER SCHEDULING JURY TRIAL AND** |
| NATIONAL BROOM COMPANY OF CALIFORNIA, INC., et. al, | ) ) ) | **PRETRIAL MATTERS** |
| Defendant(s). | ) ) ) | |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: **Monday, 9/8/2008, 5 days**

Pretrial Conference: **Tuesday, 8/19/2008, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 7/16/2008**

Last Day for Expert Discovery: **Friday, 6/18/2008**

Last Day for Expert Disclosure: **Friday, 5/30/2008**

Close of Non-expert Discovery: **Friday, 5/1/2008**

1  As stipulated to by the parties at the case management
2 conference, plaintiff shall file an amended complaint naming
3 the appropriate Kohl's entity for liability by no later than
4 **October 17, 2007**.  Defense counsel agreed to accept service of
5 the amended complaint on behalf of his client.
6 2.    DISCLOSURE AND DISCOVERY
7      The parties are reminded that a failure to voluntarily
8 disclose information pursuant to Federal Rule of Civil
9 Procedure 26(a) or to supplement disclosures or discovery
10 responses pursuant to Rule 26(e) may result in exclusionary
11 sanctions.  Thirty days prior to the close of non-expert
12 discovery, lead counsel for each party shall serve and file a
13 certification that all supplementation has been completed.
14      In the event a discovery dispute arises, **lead counsel** for
15 each party shall meet in person or, if counsel are outside the
16 Bay Area, by telephone and make a good faith effort to resolve
17 their dispute.  Exchanging letters or telephone messages about
18 the dispute is insufficient.  The Court does not read
19 subsequent positioning letters; parties shall instead make a
20 contemporaneous record of their meeting using a tape recorder
21 or a court reporter.
22      In the event they cannot resolve their dispute, the
23 parties must participate in a telephone conference with the
24 Court **before** filing any discovery motions or other papers.
25 The party seeking discovery shall request a conference in a
26 letter served on all parties not exceeding two pages (with no
27 attachments) which briefly explains the nature of the action
28 and the issues in dispute.  Other parties shall reply in

1  similar fashion within two days of receiving the letter
2  requesting the conference.  The Court will contact the parties
3  to schedule the conference.
4  3.   <u>MOTIONS</u>
5       Consult Civil Local Rules 7-1 through 7-5 and this
6  Court's standing orders regarding motion practice.  Motions
7  for **summary judgment** shall be accompanied by a statement of
8  the material facts not in dispute supported by citations to
9  admissible evidence.  The parties shall file a joint statement
10 of undisputed facts where possible.  If the parties are unable
11 to reach complete agreement after meeting and conferring, they
12 shall file a joint statement of the undisputed facts about
13 which they do agree.  Any party may then file a separate
14 statement of the additional facts that the party contends are
15 undisputed.  A party who without substantial justification
16 contends that a fact is in dispute is subject to sanctions.
17      A Chambers copy of all briefs shall be submitted on a
18 diskette formatted in WordPerfect 6.1, 8, 9, 10 or 13
19 (Windows), or may be e-mailed to the following address:
20 bzpo@cand.uscourts.gov.
21 4.   <u>SETTLEMENT</u>
22      This case has been referred for assignment to a
23 Magistrate Judge to conduct a settlement conference in
24 November or December 2007, or as soon thereafter as possible.
25 Counsel will be contacted by that judge's chambers with a date
26 and time for the conference.
27 5.   <u>PRETRIAL CONFERENCE</u>
28      Not less than thirty days prior to the date of the

pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, Daubert motions, motions in limine, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver one extra set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders. Each exhibit shall be marked with an exhibit label as contained in **Attachment 2**. The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits. All Daubert motions, motions in limine, and objections will be heard at the pretrial conference. Not less than ten days prior to the

pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness. Daubert motions and motion in limine shall be filed and served not less than twenty days prior to the conference. Oppositions shall be filed and served not less than ten days prior to the conference. There shall be no replies.

Not less than twenty days prior to the pretrial conference the parties shall serve and file requested voir dire questions, jury instructions, and forms of verdict. The following jury instructions from the *Manual of Model Civil Jury Instructions for the Ninth Circuit* (1997 ed.) will be given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11, 3.1-3.3. Do not submit a copy of these instructions. Counsel shall submit a joint set of case specific instructions. Any instructions on which the parties cannot agree may be submitted separately. The Ninth Circuit Manual should be used where possible. Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based. Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source. Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated. In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order. Not less than ten days prior to the pretrial conference, the parties shall serve and file any objections to separately proposed jury instructions.

1      Jury instructions that the Court has given in prior cases
2 may be downloaded from the Northern District website at
3 **http:\\www.cand.uscourts.gov**.  (Instructions are located on
4 the "Judge Information" page for Magistrate Judge Zimmerman.)
5 The Court will generally give the same instructions in cases
6 involving similar claims unless a party establishes, with
7 supporting authorities, that the instruction is no longer
8 correct or that a different instruction should be given.  CACI
9 instructions generally will be given instead of BAJI
10 instructions.
11     All proposed jury instructions, <u>Daubert</u> motions, motions
12 <u>in</u> <u>limine</u>, forms of verdict and trial briefs shall be
13 accompanied by a floppy diskette containing a copy of the
14 document formatted in WordPerfect 6.1, 8, 9, 10 or 13
15 (Windows), or may be e-mailed to the following address:
16 bzpo@cand.uscourts.gov.
17     At the time of filing the original with the Clerk's
18 Office, two copies of all documents (but only one copy of the
19 exhibits) shall be delivered directly to Chambers (Room 15-
20 6688).  Chambers' copies of all pretrial documents shall be
21 three-hole punched at the side, suitable for insertion into
22 standard, three-ring binders.

23 Dated: October 3, 2007

                              _____
                                     Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-BZCASES\CHARCOAL COMPANION\Order Scheduling Jury Trial.wpd

**EXAMPLE PROPOSED JURY INSTRUCTION**
For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified. The following proposed instruction contains these elements.

---

        _____'s Proposed Instruction No. \_\_\_\_\_.
          (Party)

                                  [Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED     _____ GIVEN AS MODIFIED

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

1    (3) **Trial Preparation.**

2        A brief description of the efforts the parties have made to resolve disputes over anticipated testimony,
3    exhibits and witnesses.

4           (A)   Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a
5                 list of all witnesses likely to be called at
6                 trial, other than solely for impeachment or
7                 rebuttal, together with a brief statement following
8                 each name describing the substance of the testimony
9                 to be given.

10          (B)   Estimate of Trial Time. An estimate of the number of
11                court days needed for the presentation of each
12                party's case, indicating possible reductions in time
13                through proposed stipulations, agreed
14                statements of facts, or expedited means of
15                presenting testimony and exhibits.
16
            (C)   Use of Discovery Responses.
17                In lieu of FRCP 26(a)(3)(B), cite possible
18                presentation at trial of evidence, other than solely
19                for impeachment or rebuttal, through use of
20                excerpts from depositions, from interrogatory answers,
21                or from responses to requests for admission.
22                Counsel shall state any objections to use of these
23                materials and that counsel has conferred respecting
24                such objections.

25          (D)   Further Discovery or Motions. A statement of all
26                remaining motions, including motions in
27                limine.

28       (4) **Trial Alternatives and Options.**

9

      (A)   Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

      (B)   Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

      (C)   Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

| **USDC**<br>Case No. CV07-03097 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | **USDC**<br>Case No. CV07-03097 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
|---|---|
| **USDC**<br>Case No. CV07-03097 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | **USDC**<br>Case No. CV07-03097 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| **USDC**<br>Case No. CV07-03097 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | **USDC**<br>Case No. CV07-03097 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| **USDC**<br>Case No. CV07-03097 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | **USDC**<br>Case No. CV07-03097 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| **USDC**<br>Case No. CV07-03097 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | **USDC**<br>Case No. CV07-03097 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| **USDC**<br>Case No. CV07-03097 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | **USDC**<br>Case No. CV07-03097 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |