1  THEODORE J. BIELEN, JR. - Bar No. 56395
   CHARLES L. THOEMING.- Bar No. 153504
2  BIELEN, LAMPE, & THOEMING
   1390 Willow Pass Road, Ste 1020
3  Concord, CA 94520
   Tel: 925 288-9720
4  Fax: 925 288-9731
   (Theodore J. Bielen)bielenlt@yahoo.com
5  (Charles L. Thoeming)hadvbaxen@earthlink.net
   Attorneys for Defendant
6

7

8                 IN THE UNITED STATES DISTRICT COURT FOR

9                 THE NORTHERN DISTRICT OF CALIFORNIA

10

11 CHARCOAL COMPANION INCORPORATED, )
   a California corporation,        ) Case No: C07-03097 BZ
12                                  )
           Plaintiff,               )
13                                  ) AMENDED ANSWER TO SECOND
                                    ) AMENDED COMPLAINT FOR
14                                  ) DESIGN PATENT INFRINGEMENT
                                    )
15                                  )
                                    )
16                                  )
                                    )
17 vs.                              )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20 NATIONAL BROOM COMPANY OF        )
   CALIFORNIA, INC., dba JLR        )
21 GEAR, KOHL'S CORPORATION, AND    )
   KOHL'S DEPARTMENT STORES, INC    )
22
           Defendants
23

24
        COME NOW DEFENDANTS, NATIONAL BROOM COMPANY OF CALIFORNIA, INC,
25
   dba JLR GEAR ("JLR GEAR"), KOHL'S CORPORATION (KSS) and KOHL'S
26
   DEPARTMENT STORES, INC. (KDSI) in answering the second amended
27

28                                   1

Complaint of Charcoal Companion Incorporated, state as follows:

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3. and, on that basis, denies each and every allegation contained therein.

4. Defendant JLR GEAR admits the allegation contained in paragraph 4.

5. Defendant KSS admits the allegation contained in paragraph 5.

6. Defendant KDSI denies the allegations contained in paragraph 6.

7. Defendants admit doing business within this judicial district, but deny any acts of infringement within this judicial district.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit that, on its face, the '137 patent is entitled LAMP HEAD FOR A BARBEQUE LIGHT, that, on its face, the '137 was issued on 22 August 2006 and that on its face, the inventor named is Joseph William Urich. Defendants further admit a copy of the '137 is attached to the Complaint as Exhibit A. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and, on that basis, deny each and every allegation contained therein.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10. and, on that basis, deny each and every allegation contained therein.

11. Defendant JLR GEAR denies the allegations contained in paragraph 11.

12. Defendant JLR GEAR denies the allegations contained in paragraph 12.

13. Defendant JLR GEAR denies the allegations contained in paragraph 13.

14. Defendant KDSI admits operating a national department store chain but denies each and every other allegation contained in paragraph 14. KSS denies the allegations of paragraph 14.

15. Defendant KSS denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

**AFFIRMATIVE DEFENSES**

Defendants for their further and separate defenses to the allegations of the Complaint, on information and belief, aver as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Each claim of the "137 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C.

3

§§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

Defendants have not and do not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents or non-equivalents, the claim of the "137 patent.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from construing the claims of the '137 patent in such a way as may cover Defendant's activities by reason of, inter alia, amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '137 patent.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff by its conduct, including prolonged inaction in asserting its rights, has caused plaintiff's claims for relief to be barred by the defense of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff inexcusably delayed in asserting its rights; therefore, its claims for relief are barred by the defense of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is barred, either in part or completely, by operation of the applicable statutes.

**EIGHT AFFIRMATIVE DEFENSE**

Plaintiff has brought this action in bad faith, making this an exceptional case under 35 U.S.C. § 285, and entitling Defendant to recover its attorneys' fees incurred in defending this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

a. that Plaintiff's Complaint be dismissed with prejudice;

b. that the claim of '137 patent be adjudged and declared not infringed by Defendant.

c. that the claim of '137 patent be adjudged and declared invalid;

d. that the Court award to Defendants their expenses, costs and attorneys' fees incurred in defending this action; and

e. that the Court award Defendants such other relief in law and in equity as the Court may deem just and appropriate.

DATED: 26 October 2007

Respectfully submitted,
BIELEN, LAMPE & THOEMING

By: _____

THEODORE J. BIELEN, JR.
CHARLES L. THOEMING
Attorneys for Defendant
KOHL'S Company of
California, Inc,

5